**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alexander Cruz, </br> </br> Plaintiff, </br> </br> vs. </br> </br> Joseph Arpaio, </br> </br> Defendant. | No. CV 06-0557-PHX-PGR (ECV) </br></br> <u>ORDER</u> |

Pending before the Court is Defendant's Motion to Dismiss (doc. #9), filed May 26, 2006, wherein the defendant seeks the dismissal of this action in its entirety on the ground that the plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997(e). The plaintiff has to date failed to file any response in opposition to the motion notwithstanding that Magistrate Judge Voss entered an order (doc. #11) on June 9, 2006 wherein he notified the plaintiff of the existence of the motion to dismiss and required him to file his response to the motion no later than July 9, 2006. The order further advised the plaintiff that the motion could be granted pursuant to LRCiv 7.2(i) and this action dismissed with prejudice if he failed to timely respond to the motion.

- 1 -

On July 27, 2006, the defendant filed a Motion to Summarily Grant Defendant's Previously Filed Motion to Dismiss (doc. #14) due to the plaintiff's failure to respond to the motion to dismiss.  The plaintiff has to date also failed to file any response to this motion.

The Court concludes that the dismissal of this action is mandated notwithstanding that all of the orders sent to the plaintiff by the Court since May 18, 2006 have been returned to the Court as undeliverable, apparently because the plaintiff has been released from custody.  In the Court's service order (doc. #3) entered on March 7, 2006, which was not returned to the Court as undeliverable, the Court specifically advised the plaintiff that it was his responsibility to immediately file with the Court and serve on the defendant a notice setting forth any change in his address; it also specifically advised him that his failure to do so could result in the dismissal of this action pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute. *See* Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("Carey's suggestion that we impose upon the district court an affirmative obligation to call the jailhouse to inquire into his whereabouts prior to dismissing his lawsuit is unacceptable.  A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address.")

The Court finds that the defendant's motions to dismiss should be granted pursuant to LRCiv 7.2(i) due to the plaintiff's failure to oppose them and on their merits for the reasons stated therein.  Furthermore, having considered the factors set forth in Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986), the Court finds that this action should be dismissed pursuant to Fed.R.Civ.P. 41(b) due the plaintiff's failures to obey court orders.   Therefore,

IT IS ORDERED that Defendant's Motion to Dismiss (doc. #9) and

Defendant's Motion to Summarily Grant Defendant's Previously Filed Motion to Dismiss (doc. #14) are both granted and that this action is dismissed in its entirety with prejudice.  The Clerk of the Court shall enter judgment accordingly.

DATED this 12th day of September, 2006.

Paul G. Rosenblatt
United States District Judge